Thomson, J.,
delivered the opinion of the court.
In this case a demurrer was sustained to the complaint, and final judgment rendered upon the demurrer, from which error is prosecuted to this court. It appears from the complaint that one E. A. Willoughby, for the purpose of procuring a loan from the plaintiffs, Bennett & Meyers, in the sum of $2,500, on the 18th day of Janu'ary, 1892, executed his promissory note, whereby he promised to pay that sum to them six months after the date of the note, with interest from date at 12 per cent per annum. At the time of making the note, and before its delivery, there was attached to it a certificate for 5,000 shares of the capital stock of The Colorado & Utah Mining and Investment Company, duly assigned to the plaintiffs, and which was delivered to them at the time of the delivery of the note. After the note was executed, and the stock certificate attached to it, and before delivery to the plaintiffs, Willoughby procured the defendant and fifteen other persons to enter into the following agreement, which was also attached to the note:
“ The payment of the above note is secured by attached' certificate of stock numbered forty-four (44), of The Colorado & Utah Mining and Investment Company, for five thou *124 sand (5,000) shares of the par value of $20.00 each. A total of $100,000.
“ We, the undersigned, hereby agree that if the above note for the sum of $2,500, with interest, is not paid when due, by the above named E. A. Willoughby, we will each purchase of the above attached stock 400 shares and pay therefor in cash fifty (50) cents per share, or $200 for 400 shares.” This agreement was signed by sixteen persons, including the defendant. It was executed for the purpose of securing to the plaintiffs the payment of the note, and to induce them to loan the money to Willoughby. The note, certificate and agreement were then delivered to the plaintiffs, who thereupon advanced the money to Willoughbjn Willoughby failed to pay the note at its maturity, and four of the parties to the agreement each purchased 400 shares of the stock, paying the agreed price therefor. None of the others purchased any of the stock, and, except the sum of $800 realized from the purchases mentioned, the note was unpaid. After the default of Willoughby the plaintiffs tendered to the defendant a certificate for 400 shares of the stock, and demanded compliance with the agreement, which the defendant refused. This action was brought to recover the sum of $200 as damages for breach of the contract.
The grounds of demurrer were: First, that the complaint did not state facts sufficient to constitute a cause of action ; second, that there was a defect of parties defendant; and, third, that there was no consideration for the agreement.
By the terms of the code, joint agreements are several, and suit may be brought against any of .the parties liable, or against all of them ; so that in bringing this action against the defendant alone the plaintiffs exercised a right given them by the statute, and there was no defect of parties defendant. We shall have occasion to notice this code provision again. The agreement was executed for the purpose of being used as collateral security for the note. It, together with the certificate of stock, was attached to the note, and with the note delivered to the plaintiffs before the money was loaned. The *125 loan to Willoughby was the consideration for the agreement, and the third ground of demurrer is, therefore, not well laid.
A more serious question is presented by the first ground of demurrer, in that it involves the sufficiency of the complaint. The action against the defendant is upon the agreement set out, and we must consider whether such an agreement is capable of enforcement. The certificate of stock which was deposited with the plaintiffs as security for the debt was a pledge. In the absence of special agreement, or of any waiver of the pledgor’s rights, a pledge, if it consists of property bought and sold in the market, is enforced by sale at public auction, of the time and place of which reasonable notice must be given to the pledgor. In this case, however, Willoughby, b}r procuring purchasers in advance, at a fixed price, waived his right to that method of enforcement, and consented, in case of his own default, to a sale of the stock in accordance with the terms of the agreement. By the averments of the complaint the parties signing the instrument were not in any sense sureties. They did not agree to-pay the debt; they simply agreed to become purchasers, each of a certain portion of the thing pledged, in case an enforcement of the pledge should become necessary. They did not agree that the amount due should be divided into sixteen equal parts, and that each should purchase a sufficient amount of the stock at the price named to pay one part. Their contract was that they would purchase 400 shares, no more and no less, of the stock pledged, at fifty cents per share. This contract, and not the parties to it, was received as security.
A purchase involves an acquisition. The purchaser is entitled to the thing purchased. There are two parties to a purchase, — a vendor and vendee, — and, upon the payment by the vendee to the vendor of the purchase price, an obligation rests upon the latter to transfer to the former the subject of the sale. An agreement to purchase implies, even if it does not express, an agreement to deliver the thing purchased, so that if the purchaser can be held to his purchase the seller can be held to the delivery of that which was pur *126 chased. Accordingly the parties to this agreement, upon payment for their stock, were entitled to have it transferred to them, and the plaintiffs could not enforce payment for it without making it over to them. The plaintiffs recognized this necessity, for they aver a tender of the stock to the defendant when the money was demanded. The contract was unilateral, but the plaintiffs, by seeking its enforcement against the defendant, have made it mutual to the extent of assuming as to him the obligation of vendors.
The agreement is, in form, joint. It is the agreement of all that each shall purchase stock; upon default by one all would become liable ; and, but for the code provision we have mentioned, any suit upon the agreement must be brought against all its makers. That provision is as follows :
“ Section 13. Persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff.” Session Laws, 1887, p. 99.
This section does not purport in any wise to alter the obligations which parties have assumed in their contracts. It does not make a contract valid which would otherwise be invalid. It operates merely as an enlai'gement of the remedy upon the contract, permitting suit to be brought against any of the parties liable, or against all, at the plaintiff’s pleasure. But, where parties contract jointly, there must be a joint liability, in order that there may be a several liability. If a joint agreement is invalid or incapable of enforcement against all of its makers, it is invalid and incapable of enforcement against any one or more of them. In this case sixteen men agreed to purchase 400 shares each, making a total of 6,400 shares, to come out of one certificate, No. 44, for 5,000 shares. As shown by the complaint, this is the exact contract which the parties made, and it is not in our power to vary it. If they had been jointly sued the plaintiffs must have been ready to deliver to them 6,400 shares, but there were only *127 5,000 shares from which they could be taken. Such a contract is inherently absurd. The parties could not purchase, and the plaintiffs could not deliver, 6,400 shares from 5,000 shares. Mr'. Bishop says: “ A mutual undertaking between parties to do what both know to be impossible is vain and idle, lacking the elements of a contract, and no suit can be maintained upon it.” Bishop on Contracts, sec. 579; See, also, Chitty on Contracts, 11th Am. ed., 64, note o ; Faulkner v. Lowe, 2 Exch. 595; Gillmer v. Grillmer, 42 Ala. 23.
If the agreement had by its terms been several, a recovery could have been -had against each of the parties as long as the stock remained unexhausted, because his agreement was complete in itself and independent of that of the others; but the contract being joint, and as a joint contract being upon its face impossible of performance, it is void, and no action is maintainable upon it against all or any of the parties to it. It is the case made by the complaint that is here passed upon. ■ Whether in some other form of action, or under averments which are wanting in this complaint, the plaintiffs may not have a remedy against the signers of the instrument, it is not in order now to express an opinion.
The judgment is affirmed.

Affirmed.