[No. 6612.]

## SMITH v. WOODWARD.

CONTRACTS—*Construction—Joint and Several*—If a contract executed by several is in terms joint only, it must be valid and enforceable as to all, in order to the several liability of any— (312).

No particular form of words is required to render a contract joint, or joint and several. The intent of the parties governs— (312).

Defendant and another, being proprietors of two drug stores, sold the stock and good will of each to the plaintiff, and agreed in writing "not to go into the drug business as clerks or proprietors" within five blocks of either store. It. was *held* that inasmuch as, acting as clerks they must necessarily act separately, so that, to this extent, a several obligation was apparent, and as the injury to the plaintiff would be the same, whether they acted as clerks or proprietors, the contract must be held both joint and several as to both capacities—(312, 313).

*Appeal from Denver District Court*—HON. GREELEY W. WHITFORD, Judge.

Mr. EZRA KEELER and Mr. ROBERT GIVEN for appellant.

Mr. WILLIAM E. FOLEY for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

W. H. Smith and P. L. Steadman were the owners of two drug stores located respectively at No. 2200 and No. 2800 Downing avenue in the city of Denver. November 17, 1904, they sold both the stores, together with the good will of the business, to W. M. Woodward. A bill of sale was given the purchaser, signed by the sellers individually, in which reference was made to the drug stores as "belonging to us and now in our possession." One of the drug stores was known and described in the bill of sale as the "Steadman Pharmacy," and the other as the "Prescription Pharmacy."

Simultaneously with the sale, and as a part of the transaction, the sellers agreed in writing, signed in their individual names, not to engage in the drug business for a term of five years "either as clerks or proprietors within 5 blocks of either store, without paying to Woodward the sum of $1,000." In April, 1907, before the expiration of the five year limit, W. H. Smith engaged, as proprietor, in the general drug business within the restricted district. Thereupon Woodward sued him and recovered judgment for the sum designated in the agreement. From that judgment Smith prosecutes this appeal.

Appellant contends, that the agreement not to engage in business for the designated time within the restricted district, did not include the acts of the covenantors severally, but only jointly; and that the allegation and proof that W. H. Smith engaged in the drug business within the restricted district, constitutes no proof of a breach of the contract.

It is elementary that, if parties contract jointly only, there must be a joint liability enforcible against all, in order that there may be a several liability enforceable against any. *Bennett v. Morse*, 6 Colo. App. 122. However, it is equally elementary that no particular language or phraseology is necessary to make a con-

tract joint, or joint and several. In all cases the true intent of the parties, when ascertained, governs. *Servant v. McCampbell*, 46 Colo. 292, 301. In the ascertainment of the intent, regard must be had to the whole instrument in the light of the facts and circumstances to which it relates; and "when the agreement, so considered, reveals some obvious absurdity, or some repugnance or inconsistency with such manifest intention, then, to avoid such consequences, but no further, the meaning of the particular words employed may be modified, extended or abridged." *Gibbons v. Grinsel*, 79 Wis. 365, 369.

Applying these rules of construction to the covenant under consideration, we are of the opinion that it was the intent of the parties thereto to restrict P. L. Steadman and W. H. Smith from engaging in the drug business in any capacity, whereby they jointly or individually might draw away from appellee the trade and good will of the very business they had sold to him. Steadman and Smith had, within the restricted district, been engaged in the drug business for many years, and, by reason thereof, it is proper to presume, had an extensive acquaintance therein. This would necessarily give each of them a decided advantage in competition with the appellee, and would likewise give any employer of either a like advantage. Realizing this, the parties evidently designed to restrict all competition by the covenantors, jointly and severally, with the appellee in the drug business in the particular district. This is evident from the words, "We agree not to go in the drug business either as clerks or proprietors" found in the contract. The duties of a clerkship are necessarily several, and, in that respect, at least, the contract expressly shows a several obligation. Under these circumstances, it is not reasonable to believe that the intent of the parties was to bind Steadman and Smith jointly, not to engage in the drug business within the

restricted district as proprietors, and severally as clerks, and leave them free to severally, as proprietors, engage therein. Presumably the damage resulting to appellee, by reason of either Steadman or Smith engaging in the drug business as a clerk, would not be as great as that resulting from either of them engaging therein as proprietor. We will not presume that such obvious absurdity was intended by the parties, when we can, with equal propriety, ascribe a meaning to the language used that will effectuate the manifest intent of the contracting parties as disclosed by all the facts and circumstances attending the transaction.

The following authorities are somewhat similar in facts, clearly analogous in principle, and support the rules we have here applied.—*Hubbard v. Miller et al.*, 27 Mich. 15; *U. S. C. Co. v. Wm. Wall's Sons R. Co.*, 35 N. Y. Supp. 978.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.