472 P.2d 718 (1970)
Lillian S. NEWTON, Plaintiff in Error,
v.
Stephen F. NEWTON, a minor by his mother and natural guardian, LaRee F. Newton, Defendant in Error.
No. 70-241. (Supreme Court No. 23456.)
Colorado Court of Appeals, Div. I.
June 2, 1970.
Virgil D. Dohe, Denver, for plaintiff in error.
William L. Rice, Denver, for defendant in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This action involves a dispute over the proceeds of an insurance policy on the life of Cecil Newton, deceased. It was brought by Stephen Newton (by his mother, LaRee Newton) against Lillian Newton, Metropolitan Life Insurance Company and Westinghouse Electric Corporation. The two corporations are not parties in this court.
At the time of Cecil's death his second wife, Lillian, was the named beneficiary of the policy. Stephen's claim to the proceeds arises from a contract between Cecil and his first wife, LaRee, wherein Cecil agreed to designate Stephen the irrevocable beneficiary of the policy, if the insurance company would so permit. Trial was had to the court on stipulated facts and exhibits. The trial court held for Stephen. We affirm.
LaRee obtained a divorce from Cecil in November 1958. The decree incorporated an agreement between the parties dated May 16, 1958, which settled all custody, alimony and property rights of the parties. The pertinent paragraph provided:
"6. The Plaintiff (Cecil) shall maintain in full force and effect [six insurance policies including] Westinghouse Electric Corporation Group Policy [issued by Metropolitan Life Insurance Company] and, if said insurance companies will permit Plaintiff *719 shall designate as irrevocable beneficiaries of said policies the minor child (Stephen) and Defendant as they presently appear as beneficiaries * * *." Stephen was the then beneficiary of the Westinghouse policy, the subject of this action.
Cecil married Lillian in December of 1958. At the end of July, 1959, he changed the beneficiary of the Westinghouse policy from Stephen to Lillian, as he was entitled to do under the policy. Upon Cecil's death in 1964, Stephen first became aware of the change.
In this appeal Lillian relies on two grounds for the reversal or modification of the trial court's decision: (1) that it erred in finding that Cecil gave up his right to change beneficiaries by his agreement with LaRee; (2) that it erred in awarding Stephen the full amount of the insurance proceeds due on the date of his death.

I
Both parties agree that an insured has the power to change a named beneficiary of his life insurance policy when that right is reserved by the policy. They also agree that a beneficiary may obtain a vested right to the benefits of a policy which may not be defeated by a subsequent change if the beneficiary is made irrevocable by an agreement between husband and wife which is incorporated into a divorce decree.
The parties disagree, however, on the form which such an agreement must take to be effective. Lillian asserts that the language providing for irrevocable beneficiaries must be "clear and unequivocal" and cites several cases from other jurisdictions to demonstrate this proposition. Since the language in the present agreement is partly couched in conditional terms, i.e., "if said insurance companies will permit", Lillian contends that the language is not "clear and unequivocal." In reply, Stephen contends that despite the conditional clause, his parents clearly intended that he be retained as beneficiary of the policy because the insurance would provide for Stephen's support until his majority in the event of his father's death. Otherwise, Cecil's death would cut off the support payments required by another section of the agreement.
A contract will be construed to give effect to its every provision, if at all possible. Kugel v. Young, 132 Colo. 529, 291 P.2d 695. In the agreement at issue, paragraph 6 required Cecil to maintain in full force and effect certain insurance policies; to designate as irrevocable their current beneficiaries, "if said insurance companies will permit;" to furnish LaRee with evidence that their premiums had been paid; to notify her if he could not pay them, and to be liable to her if she paid them to keep them in effect.
Read in its entirety, therefore, paragraph 6 shows clearly the parties' intent that the beneficiaries as of the date of the agreement be made irrevocable. Otherwise, the provisions concerning the payment of premiums and Cecil's liability to LaRee should she pay them would be meaningless since she would have no interest in the policies if neither she nor her son were beneficiaries.
The only ambiguity present in paragraph 6 which detracts from a finding that irrevocable beneficiaries were intended is that created by the conditional phrase "if said insurance companies will permit." But the intention of the parties must be gathered from the whole instrument and not from any detached part. Smith v. Woodward, 51 Colo. 311, 117 P. 140. Furthermore it is clear that, since the insurance company was not a party to the contract, the phrase was inserted solely because the parties were aware of the fact that they could not rewrite the policy without the insurance company's consent. This did not, however, alter the intent of the parties, which is evident from a reading of the entire contract, that Cecil was obligated not to change the beneficiary in any event. Observing these principles, we must affirm the judgment of the trial court.

*720 II
The face value of Cecil's coverage under the policy was $3,000 more at the time of his death than it was on the date the agreement was executed. Lillian contends that since the parties had only the lesser amount in mind when the agreement was signed, the difference should belong to her as the beneficiary of record at Cecil's death.
We find no merit in this argument. The policy involved was a group life insurance policy in which the company, Westinghouse Electric, paid the entire premium for all eligible employees. The amount of coverage on each employee varied according to his salary so that, as his salary increased, so did his coverage under the policy. Under these circumstances, the beneficiary who is entitled to the benefits takes them in their entirety, notwithstanding the fact that there was an increase in the coverage since the decedent's designation of that beneficiary. 2 Appleman on Insurance § 771; Carter v. Carter, 202 Va. 892, 121 S.E.2d 482.
The judgment of the trial court is affirmed.
DWYER and ENOCH, JJ., concur.