**AETNA LIFE & CASUALTY CO., Plaintiff,**

v.

**Mrs. Ruth SPAIN, Defendant-Appellant,**

v.

**Mrs. Pauline SPAIN, Defendant-Appellee.**

**No. 77-1143**

**Summary Calendar. \***

United States Court of Appeals, Fifth Circuit.

July 27, 1977.

---

\* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.*, 431 F.2d 409 (5th Cir. 1970) (pt. I).

Craig M. Fowler, Irving, Tex., for defendant-appellant.

Charles N. Curry, Vic Anderson, Jr., Fort Worth, Tex., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

GEE, Circuit Judge:

When he died in Texas on October 10, 1974, Barton Dean Spain owned a $50,000 insurance policy on his life issued by Aetna Life & Casualty Company. He had not designated a beneficiary for the proceeds of the policy. Before us today, each attempting to insert her name on the empty beneficiary designation line, are Pauline Spain, Barton Dean Spain's first wife, and Ruth Spain, his second wife to whom he was married at the time of his death. Ruth Spain asserts a right to all of the proceeds based on the policy provision that if no beneficiary is designated at the time of the insured's death the proceeds are to be paid to his widow as primary beneficiary. Pauline, on the other hand, relies on the property settlement which was incorporated into her 1971 New Jersey judgment of divorce from Barton Dean Spain, which provided in part that Spain

> shall make [Pauline] the irrevocable beneficiary of certain insurance in the amount of $40,000 which is presently in force and effect . . . and [Spain] shall execute such forms as shall be necessary to procure the irrevocability of [Pauline] as the beneficiary . . .

as the basis for her asserted right to $40,000 of the policy proceeds. Faced with the two conflicting claims, Aetna filed this interpleader action in the district court, paid into the registry of the court the $50,000 proceeds from the policy, and was subsequently dismissed on its motion. The judgment ultimately entered by the district court granted Pauline Spain $40,000 and the remaining $10,000 to Ruth, who brings this appeal. We affirm.

As a federal court we are initially obliged to consider whether the court below had jurisdiction to enter its order and thus whether the case is properly before us on appeal. *State of Alabama ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973). Both Pauline and Ruth Spain currently reside in Texas, Ruth having moved to Texas with Barton Dean Spain after their marriage and Pauline having made her way there on her own after her divorce. Aetna's complaint in interpleader alleged jurisdiction grounded on diversity of citizenship, 28 U.S.C. § 1332 (1970), but Aetna's dismissal prior to entry of final judgment left only two nondiverse claimants in federal court. Because diversity existed between the insurer and both interpleaded defendants, however, the district court properly retained jurisdiction even after the insurer disclaimed interest in the controversy. *Johnson v. Remy*, 220 F.2d 73 (5th Cir. 1955); *Ellington v. Metropolitan Life Ins. Co.*, 217 F.2d 609, 610 (5th Cir. 1954); *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 965 (5th Cir. 1973) (dictum). We therefore have jurisdiction to hear this appeal.

Moving to the merits, we must determine whether the insurance policy provision for payment of proceeds when the beneficiary is not designated controls the outcome here or whether the property settlement—with which Barton Dean Spain failed to comply to the extent of designating Pauline as "irrevocable beneficiary"—overrides the terms of the policy. In evaluating the effect of this assignment provision within the property settlement, the district court was bound to apply the law of the forum state, Texas, including its choice-of-law rules. *Calcasieu-Marine National Bank v. American Employers' Ins. Co.*, 533 F.2d 290, 295 n. 5 (5th Cir. 1976); *Delta Air Lines, Inc. v. McDonnell-Douglas Corp.*, 503 F.2d 239, 243 (5th Cir. 1974), *cert. denied*, 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975). From the sparse Texas case law on this subject we gather that Texas courts would apply the law of the state in which the property settlement agreement was made,[1] and a panel of this circuit has so held, binding us to that result. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1160 (5th Cir. 1976). We look, then as did the district court, to New Jersey for the law governing the scope and effect of this unfulfilled requirement of the property settlement incorporated into the divorce decree.

Finding no reported decision which would determine the question, we rely, as did the court below, on an unpublished opinion of the Appellate Division of the New Jersey Superior Court, *In re Estate of Sicola*, No. A–3369–74 (N.J.Super.Ct.App. Div. May 19, 1976). In *Sicola* a divorce decree had required the decedent to maintain his life insurance with the children of his first marriage named as irrevocable beneficiaries. He remarried and before his death changed the beneficiary designation on his life insurance policy so as to give part of the proceeds to his second wife. Holding that the divorce decree precluded the decedent from changing his beneficiary without first obtaining a modification of the decree, the court required payment of the full amount of the proceeds for the benefit of the children. Absent any indication to the contrary, we believe that *Sicola* states the law of New Jersey and that New Jersey courts of equity would enforce the property settlement agreement in this case to the extent of granting Pauline Spain a $40,000 share of the proceeds of the insurance policy on Dean Spain's life. The district court thus was correct in granting judgment against the proceeds for $40,000 in favor of Pauline Spain, with Ruth Spain entitled to the remaining $10,000, and accordingly, the judgment is AFFIRMED.

---

1. *See Cornell v. Cornell*, 402 S.W.2d 571, 573 (Tex.Civ.App.—El Paso 1966), *rev'd on other grounds*, 413 S.W.2d 385 (Tex.1967) (property settlement); *Manhattan Life Ins. Co. v. Cohen*, 139 S.W. 51, 57 (Tex.Civ.App.—San Antonio 1911, writ ref'd) (assignment of insurance policy).