Patrecia L. PERKINS, Plaintiff,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Tracy Le Ann Perkins, Troy Shay Perkins and the Estate of Donald R. Perkins, Deceased, Defendants.

Civ. A. No. 77–3127–H.

United States District Court,
S. D. West Virginia,
Huntington Division.

Aug. 24, 1978.

Robert L. Godbey, Huntington, W. Va., for plaintiff.

R. Kemp Morton, Huntington, W. Va., for Prudential.

Lawrence J. Tweel, Huntington, W. Va., for infant defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff Patrecia Perkins instituted this diversity action against Defendant The Prudential Insurance Company of America (Prudential) to recover the sum of $40,000.00, representing the total proceeds of four separate life insurance policies issued by Prudential to and covering the life of her husband, Donald R. Perkins, now deceased. Patrecia asserts that she is entitled to said proceeds by reason of her being named as beneficiary on each of the life policies.

Also claiming to be entitled to the proceeds are Tracy Le Ann Perkins and Troy Shay Perkins, the children of Donald R. Perkins by his first wife, Thelma Perkins.

Incorporated in its answer, which denied generally the allegations of the complaint, was Prudential's counterclaim for interpleader, 28 U.S.C. § 1335. By Order dated July 11, 1977, this Court made as additional parties defendants to this action Tracy Le Ann and Troy Shay Perkins, while at the same time appointing a guardian ad litem for them, and the personal representative of the estate of Donald R. Perkins. The Order further required that the additional defendants, along with Plaintiff, establish between themselves their respective rights to the proceeds of the life policies.

Now before the Court is the motion for summary judgment filed on behalf of the infant defendants. The salient facts in this case are not in serious dispute.

Donald and Thelma Perkins were married on October 12, 1961, in Columbia, Missouri. Two children were born of that marriage, defendants Tracy Le Ann and Troy Shay Perkins.

On October 1, 1971, Prudential issued to Donald, as the named insured, four separate policies of life insurance each in the face amount of $10,000, being Policy Nos. E–001–75867, E–001–75868, E–001–75869 and E–001–75870. On each of the policies Thelma was named as the beneficiary of the proceeds. Marital discord followed, resulting in the separation of Donald and Thelma in September, 1973.

Thereafter, Thelma commenced an action for divorce in the Circuit Court of Cabell County, West Virginia, and on October 22, 1974, a final hearing was held in that action. At the hearing, counsel for Thelma asked certain questions of Thelma regarding the property settlement agreement entered into between Thelma and Donald. The following excerpts from the transcript of that hearing with respect to that agreement are pertinent to the issue in this case:

"Q [By Thelma's counsel]: The children are to remain as beneficiaries on all the defendant's [Donald's] insurance policies without change, is that correct?

A [By Thelma]: Yes, sir." [1]

The following exchange took place between the Divorce Commissioner and Donald:

"THE COMMISSIONER: Mr. Perkins, you have heard what your wife has testified to. Is that your understanding as to the agreement between you and your wife?

THE DEFENDANT: With one minor change. The house is net of tax proceeds." [2]

---

1. Motion Exhibit A, Transcript p. 8. Counsel covered the entire agreement in his direct examination of Thelma. The Court is not advised as to whether the agreement was reduced to writing but, apparently, it was. See Transcript, p. 7.

2. *Id.* at p. 9.

On November 4, 1974, a final decree of divorce was entered, granting Thelma an absolute divorce from Donald. Paragraph 8 of the decree reads as follows:

"8. IT IS FURTHER ADJUDGED, ORDERED and DECREED that the defendant shall maintain the children as beneficiaries on the defendant's insurance policy and shall keep the same in full force and effect, as agreed." [3]

Sometime prior to June 11, 1975, Donald and Patrecia were married. On that date Donald changed the beneficiary on the policies to Patrecia, apparently without ever having named the children as beneficiaries in place of Thelma. In any event, Patrecia was the named beneficiary on the policies at the time of Donald's death which occurred on March 23, 1977.

In this diversity case the Court is required to apply the substantive law of West Virginia. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In this jurisdiction the general rule on the subject is that although a named beneficiary of an insurance policy has but a conditional interest subject to defeasance, *Occidental Life Ins. Co. of California v. Row*, 271 F.Supp. 920 (S.D.W.Va.1967) if no change was made in the policy respecting such beneficiary, the right of that beneficiary vests at the time of the death of the insured. *Provident Life & Acc. Ins. Co. v. Dotson*, 93 F.Supp. 538 (S.D.W.Va.1950).

However, where an insured gives up the right to name as beneficiary one other than an irrevocably designated beneficiary, a different result obtains. In applying West Virginia law, the Fourth Circuit Court of Appeals stated in *Morton v. United States*, 457 F.2d 750, 753 (4th Cir. 1972):

"It is well established that if the insured retains no right to change the beneficiary of a life insurance policy or, as here, gives up that right, the beneficiary stands in the position of a third party beneficiary to the insurance contract with indefeasibly vested rights in the proceeds. *Central National Bank of Washington v.*

*Hume*, 128 U.S. 195, 206, 9 S.Ct. 41, 32 L.Ed. 370 (1888). *See generally* 4 Couch on Insurance 2d, § 27:56. This is the law in West Virginia."

Quite apart from the agreement, if a judicial decree requires an insured to designate or change a beneficiary under a policy and he fails to do so, as is the case in the instant action, an equitable assignment arises in favor of the person designated by the judicial decree as beneficiary. See, generally, 17 Couch on Insurance 2d, § 65:370.

By reason of the covenants of the agreement between Thelma and Donald and of the order in Paragraph 8 of the final decree, which adequately incorporated the terms of that agreement, the Court holds that Donald R. Perkins gave up any right he would have had otherwise to name any person other than his children as beneficiaries of the proceeds of the subject policies.

Furthermore, by reason of the agreement alone, the rights of the children vested at least as early as of the date of entry of the final decree. 4 Couch on Insurance 2d, § 27:66 states:

"An agreement by an insured in consideration of settlement of property rights by which he covenanted to make his daughter sole irrevocable beneficiary of a policy of life insurance, vested her with an equitable interest therein which could not be defeated without her consent, and the father could not be allowed to take advantage of his own wrong in breaching a property settlement agreement and his estate would be in no better position."

## ORDER

In view of the foregoing, it is ORDERED that the motion of Defendants Tracy Le Ann Perkins and Troy Shay Perkins for summary judgment be, and the same is hereby, granted.

**3.** Motion Exhibit B.