The TRAVELERS INSURANCE COMPANY, a corporation, Plaintiff,

v.

Alice Perry JOHNSON and Carol M. Johnson, as parent, custodian, and trustee of Kim Johnson and Kelly Johnson, infants, Defendants/Third Party Plaintiffs,

v.

ESTATE OF Steven Brian JOHNSON and Alice Perry Johnson, Third Party Defendants.

Civ. No. 83–451.

United States District Court, D. New Jersey.

Feb. 9, 1984.

Charles A. Delehey, Lenox, Giordano, Devlin, Delehey & Socey, Trenton, N.J., for plaintiff.

Nathan M. Edelstein, Brener, Wallack & Hill, Princeton, N.J., for defendant Carol M. Johnson Plumeri.

Lowell F. Curran, Jr., Princeton, N.J., for defendant Alice Perry Johnson.

## OPINION

ANNE E. THOMPSON, District Judge.

There are several motions pending before the court in this case. Travelers In-

surance Company ["Travelers"] has filed an interpleader action pursuant to FED.R. CIV.P. 22 and has paid into court the amount due on an insurance policy on the life of Steven Brian Johnson, who is now deceased. The amount of the policy is $161,200 plus interest of $4,292.78. The defendants in the interpleader action are Steven B. Johnson's second wife, Alice Perry Johnson, and his first wife, Carol Johnson Plumeri, as parent, custodian and trustee of daughters, Kim Johnson and Kelly Johnson. Alice P. Johnson is seeking summary judgment against Travelers for payment of the amount due on the life insurance policy (count one of her complaint against Travelers). Carol J. Plumeri is seeking partial summary judgment declaring that she is entitled to $60,000 of the amount due on the insurance policy. She is also moving for an order granting leave to amend her pleadings to include a demand for punitive damages and attorneys' fees against Alice P. Johnson pursuant to FED. R.CIV.P. 15(a).

## I. FACTS

Carol J. Plumeri and Steven B. Johnson were married in November 1967 and divorced in October 1976. They had two daughters, Kim, who is now 14, and Kelly, who is now 13. On December 10, 1975, the couple signed a Support and Separation Agreement which was incorporated into the final judgment of divorce. Provision 33 of the Support and Separation Agreement states as follows:

Husband is covered by life insurance in a group policy through his employment. Husband shall continue said policy in force and effect and pay the premiums thereon.

Husband shall make Wife, as Trustee for the children, as primary beneficiary of said policy. Each child will be removed as a beneficiary at the time said child reaches the age of 18 years at which point said child's name will be deleted as beneficiary leaving the remaining child as beneficiary.

When all children have reached the age of 18 years, Husband may at his option cancel the policy.

Husband has the obligation, if he leaves his current employment, to convert his work related policy to not less than $60,000.00 and will provide as primary beneficiary Wife as a one-third beneficiary, if she is not remarried, and Wife in Trust for the children as a two-thirds beneficiary.

This one-third-two-thirds arrangement shall apply to the policy set forth unless Wife remarries then the primary beneficiary shall be Wife as Trustee for children equally.

At the time that this agreement was made, Steven B. Johnson had two insurance policies. One policy was from the East River Savings Bank ["East River"] for the amount of $20,000. Carol was the beneficiary of this policy. The other policy was through his job at Crum & Forster. This policy, which appears to be the work-related policy to which the Support and Separation Agreement refers, was worth about $100,000. Carol was also the beneficiary of this policy.

In support of her motion for partial summary judgment and in opposition to the motion for summary judgment, Carol J. Plumeri submitted an affidavit of Roger K. Bentley, III, Esquire, who represented her regarding her marital separation and divorce. He asserts that the agreement was as follows:

a) Mr. Johnson was obligated to continue his then current work-related policy in effect;

b) if he left employment with Crum & Forster and was rehired at employment where he was covered under a group policy, then the entirety of such proceeds were to be left to Mrs. Plumeri and/or the children as beneficiaries (in no event could that amount be less than $60,000);

c) if he left employment at Crum & Forster and was not rehired, or was rehired but not covered by a group insurance policy of at least $60,000.00, then he was additionally obligated to obtain such coverage with Mrs. Plumeri and/or the children as the designated beneficiaries.

She also submitted an affidavit of her counsel Nathan M. Edelstein, Esquire, which

incorporated a letter from John A. Selecky, Esquire, who was Mr. Johnson's counsel during the separation and divorce proceedings. Selecky states in his letter, "It is my distinct impression that Steven was to maintain his work-related policy for his children, and if he left his employment, then he was to provide at least $60,000 in an independent policy."

Subsequent to the divorce, Steven Johnson married Alice Perry in December 1977, and Carol remarried in November 1979. Steven Johnson died in October 1982. When he died he had two life insurance policies: the $160,000 Travelers policy which is the subject of this suit and the $20,000 East River policy. Alice P. Johnson is the beneficiary of both policies.

After the divorce, Steven Johnson left his job at Crum & Forster. He did freelance work and then worked at Rasmussen Agency. During this employment he had a $10,000 life insurance policy which lapsed when he left that job. In December 1980, he began working at CBS Records International. It was at this job that he obtained the Travelers insurance policy. It appears that Steven Johnson never converted the Crum & Forster policy to an independent policy. When Carol remarried, Steven changed the beneficiary of the East River policy to Alice P. Johnson.

Alice P. Johnson acknowledged that her husband told her that $60,000 of the Travelers policy was meant for his daughters, Kim and Kelly. (Deposition of Alice P. Johnson at 35(24); 41(22-3); 42(17-8); 43(16-7); 51(17-8); 60(17); 64(12-4) and affidavit of Alice P. Johnson at § 7). She understood that this money was earmarked for his children because of the divorce agreement. (Dep. 66(2-13). She explained that the entire policy was in her name because Steven did not want his first wife, Carol J. Plumeri, to have any control over the money. (Dep. 35(24)-36(3) and Aff. at § 7).

According to Carol J. Plumeri, she had asked Steven whether the life insurance required by the separation agreement was being maintained and he continually advised her that it was. She also states that he told her that the life insurance which he was maintaining on the children's behalf was at least $100,000. (Affidavit of Carol J. Plumeri at § 5).

## II. PROCEDURAL POSTURE

Both Carol J. Plumeri and Alice P. Johnson are claiming the amount due in the Travelers and the East River insurance policies. However, this court is only concerned with the settlement of the Travelers policy. The distribution of the East River policy is being litigated in Superior Court of New Jersey, Docket No. C-1265-83.

There were actually two cases filed in this court which were consolidated by the Honorable John Devine, United States Magistrate. The first case, filed February 3, 1983, was *Alice Perry Johnson v. The Travelers Insurance Co. and CBS Inc.*, Civ. No. 83-451. In that case, the plaintiff brought a claim for the amount due on the Travelers policy as the named beneficiary. She also sought compensatory and punitive damages against Travelers and CBS. The second case, *The Travelers Insurance Co. v. Alice Perry Johnson and Carol M. Johnson,*[1] *as parent, custodian and trustee of Kim Johnson and Kelly Johnson,* Civ. No. 83-1202, filed April 4, 1983, is an interpleader action. On April 28, 1983, Carol J. Plumeri answered the second complaint with a demand for interpleader, a cross-claim against Alice Perry Johnson and a third-party complaint against the estate of Steven Brian Johnson and Alice Perry Johnson as executrix. Because there is diversity of citizenship between Travelers (a Connecticut corporation) and Alice P. Johnson and Carol J. Plumeri (both women are citizens of New Jersey) and the amount in controversy exceeds $10,000, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and ancillary jurisdiction.

## III. DISCUSSION

### A. INTERPLEADER

■ First the court will address whether Travelers shall be permitted to interplead

---

1. Now known as Carol Johnson Plumeri.

the proceeds of its life insurance policy. Because there is diversity of citizenship between Travelers and the parties claiming the proceeds, the interpleader action was properly brought pursuant to FED.R. CIV.P. 22.[2] According to *Wright & Miller, Federal Practice and Procedure:* Civil § 1704, p. 367:

> Interpleader, whether statutory or under Rule 22 and whether asserted in a complaint or by way of a crossclaim or counterclaim affords a party who fears that he will be exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle his controversy and satisfy his obligation in a single proceeding.

The test for determining whether it is proper to interplead the adverse claimants and discharge the stakeholder is "whether the stakeholder legitimately fears multiple vexation directed against a single fund." *Wright & Miller, supra,* at 369. *See Bierman v. Marcus,* 246 F.2d 200, 202 (3d Cir.1957).

In the instant interpleader action both defendants claim the right to the amount due on the life insurance policy: Alice P. Johnson as the named beneficiary and Carol J. Plumeri pursuant to the Support and Separation Agreement. Alice P. Johnson opposes the interpleader on the ground that Carol J. Plumeri's claim for the proceeds is not colorable. Interpleader should not be allowed if one of the adverse claims is completely "wanting in substance." *Bierman v. Marcus, supra.* However, short of a plainly frivolous claim, interpleader does not depend on the merits of the adverse claims and "the stakeholder is not obliged at his peril to determine which claimant has the better claim." *Id.*

The court finds that Travelers has a legitimate fear of multiple liability and that interpleader is clearly appropriate. Since Travelers has already paid the amount due on the policy plus interest to the Clerk of the Court, Travelers will be discharged of liability and dismissed from this litigation.

### B. MOTION OF CAROL J. PLUMERI FOR PARTIAL SUMMARY JUDGMENT

■ The court finds no case in New Jersey or in any other jurisdiction precisely on point with the facts of the instant matter. In this case Steven B. Johnson and Carol J. Plumeri signed a separation agreement which required Steven to continue his existing work-related life insurance policy and, if he left his job, to convert the policy to an independent policy of not less than $60,000 for the benefit of their daughters, Kim and Kelly. The separation agreement was incorporated into the divorce decree. Steven B. Johnson left his job, but did not convert the life insurance policy. However, at the time of his death he had a life insurance policy of approximately $160,000 through his new job at CBS Records International. The beneficiary of this policy was his second wife, Alice P. Johnson, although he told her that $60,000 of the policy was for his daughters.

There are, however, many cases concerning a related fact pattern: A husband and wife make a settlement agreement requiring the husband to make the wife (or children) irrevocable beneficiary of his existing life insurance policy. The settlement agreement is incorporated into the divorce decree. The husband, however, subsequently remarries and makes his new wife the beneficiary of the policy. The husband dies, and the first wife (or children) and the second wife claim the insurance proceeds. Courts considering these facts view the first wife (or children) as having a superior right, frequently referred to as a vested equitable interest, in the insurance policy. *Murphy v. Travelers Insurance Co.,* 534 F.2d 1155 (5th Cir.1976); *Glover v. Metropolitan Life Insurance Co.,* 499 F.Supp. 1308 (E.D.Mo.1980), *aff'd in part, rev'd in part on other grounds,* 664 F.2d 1101 (8th

---

**2.** FED.R.CIV.P. 22 states in pertinent part:
(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. . . .

Cir.1981); *Box v. Southern Farm Bureau Life Insurance Co.*, 526 S.W.2d 787 (Tex. Civ.App.1975); *Prudential Insurance Co. of America v. Gibson*, 421 S.W.2d 26 (Mo. App.1967); *see Salinas v. Salinas*, 187 Misc. 509, 62 N.Y.S.2d 385 (1946); *see also Equitable Life Assurance Society of United States v. Jones*, 679 F.2d 356 (4th Cir. 1982); *Newton v. Newton*, 472 P.2d 718 (Colo.App.1970). *But see Knowles v. Metropolitan Life Insurance Co.*, 514 F.Supp. 515 (N.D.Ga.1981) (settlement agreement could not act as a waiver or restriction of right to change beneficiary because insurance policy provided by U.S. Postal Service was administered under federal law and was not merely a private contract between insured and insurer).

It appears that the finding that the first wife (or children) would have a superior right to the insurance proceeds pursuant to the settlement agreement would also be the law in New Jersey. In the case *In the Matter of Paul Sicola*, A–3369–74 (N.J.S. App.Div. May 19, 1976), a judgment of divorce issued in 1972 provided that the husband shall continue to maintain life insurance with the children as irrevocable beneficiaries. In 1974 he changed the beneficiary of one life insurance policy to provide $25,000 for his second wife with $87,500 remaining for the children. After the husband's death, the second wife argued that since the value of the insurance reserved for the children was the same as at the time of the divorce, the surplus should be paid to her. The court found, however, that the children should receive the full payment under the policy. According to *Sicola:*

> By the terms of the divorce judgment, decedent recognized his obligation to provide for the welfare of his children in the event of his death and the effect of the divorce judgment was to prevent him from thereafter changing beneficiaries without first obtaining a modification of the judgment.

*Id. slip. op.* at 3.

The *Sicola* decision was relied on by the Court of Appeals for the Fifth Circuit in *Aetna Life & Casualty Co. v. Spain*, 556 F.2d 747 (5th Cir.1977), which was decided under New Jersey law. In *Spain*, the husband died with a $50,000 life insurance policy for which there was no designated beneficiary. The second wife claimed the proceeds as the widow, while the first wife claimed the proceeds by relying on a property settlement incorporated in a New Jersey judgment of divorce which required the husband to make her the irrevocable beneficiary of a $40,000 life insurance policy in effect at the time of the divorce. The court determined, however, that the New Jersey courts in accordance with *Sicola* would enforce the property settlement to the extent of granting the first wife $40,000 of the policy.

Alice P. Johnson asserts that the case, *Hirsch v. Travelers Insurance Co.*, 153 N.J.Super. 545, 380 A.2d 715 (App.Div. 1977), indicates that New Jersey courts would not find that the first wife (or children) would have rights superior to the named beneficiary pursuant to the separation agreement. This court does not agree and finds *Hirsch* distinguishable from the instant case. In *Hirsch*, the husband was to name his daughters as irrevocable beneficiaries of his life insurance policies in accordance with a property agreement. After his death the daughters brought suit against three insurance companies that had already paid money to their father's second wife as the beneficiary. The *Hirsch* court was not concerned with which party had the superior right to the policy, but with the liability of the insurance companies that had already made payment. *Id.* at 549.

Alice P. Johnson argues further that even if *Sicola, supra,* is the law in New Jersey, that case and the others cited above are clearly distinguishable from the facts of the case at bar since those cases concerned the payment of the same life insurance policy that existed at the time of the divorce and for which the ex-wife (or children) had been named as beneficiary at one time. In contrast, this case concerns payment of the Travelers policy, a totally different policy from the work-related policy that Steven B. Johnson had at the time of the settlement agreement. This court does not find, however, that this factual differ-

ence mandates a different result. There are a number of cases in which courts found that the first wife (or children) has a right to a life insurance policy even though she was never named the beneficiary of the policy and/or that specific policy was not mentioned in the divorce decree.

In *Perkins v. Prudential Life Insurance Co. of America*, 455 F.Supp. 499 (D.W.V. 1978), a divorcing husband and wife made a property settlement which was incorporated into the divorce decree which obligated the husband to maintain the children as the beneficiaries of his insurance policy. The husband remarried. Never having named the children as beneficiaries, he now named his second wife. After his death the court found that "[q]uite apart from the agreement, if a judicial decree requires an insured to designate or change a beneficiary under a policy and he fails to do so ... an equitable assignment arises in favor of the person designated by the judicial decree as beneficiary." *Id.* at 501.

Similarly, in *Travelers Insurance Co. v. Daniels*, 667 F.2d 572 (7th Cir.1981), a divorce decree ordered the husband to maintain all of his existing life insurance policies and to designate his daughter as the irrevocable beneficiary. Instead, the husband designated his wife and mother as the beneficiaries. After the husband's death the court found that although he never named the daughter as beneficiary and the first wife did not compel compliance, the daughter still had the right to the proceeds. *Id.* at 574–75. In finding that the daughter had an equitable right to the benefits, the court stated that it "would be unconscionable to hold that a parent may evade his child support obligations, as set out in a valid divorce decree, by not only failing to appear at the divorce hearing, but then by ignoring the terms of the decree." *Id.* at 577. *See also Aetna v. Spain, supra*, 556 F.2d 747 (the court interpreting New Jersey law found that the first wife should receive $40,000 of a $50,000 policy even though she was never named beneficiary of the policy).

In *Perkins, Daniels* and *Spain*, the court awarded the proceeds of an insurance policy to the first wife (or children) even though she was never named as a beneficiary of that policy. In *McKissick v. McKissick*, 93 Nev. 139, 560 P.2d 1366 (1977), the court awarded the insurance payments to the first wife even though the separation agreement referred to a different insurance policy. In the property settlement agreement which was made part of the divorce decree, the husband agreed to maintain his $50,000 life insurance policy from Equitable Life Insurance Co. of America for the benefit of his first wife and children. When he died, it was discovered that there was no such life insurance company and that he had no life insurance in that amount. However, the husband did have three other life insurance policies totaling $40,000 with his second wife as beneficiary. Even though the divorce decree gave the first wife no interest in these particular insurance policies, the court awarded the money to her and the children.

In awarding the proceeds to the first wife and children, the *McKissick* court relied in part on *Chilwell v. Chilwell*, 40 Cal.App.2d 550, 105 P.2d 122 (1940). In that case the husband and wife decided before their divorce that the husband would reinstate a previous life insurance policy and name the children as beneficiaries. The first wife died; the husband failed to pay the premiums on the policy; after his death the children sued his second wife on behalf of the estate. The court was "concerned, not merely with the terms of the insurance contract, but with the terms and effect of a property settlement between parties to a divorce proceeding which was carried into and made a part of a judgment of divorce." *Id.* 105 P.2d at 123. The court went on to find that the children had a vested equitable interest in the life insurance policy which entitled them to recover from the estate. The court reasoned that:

If an insured cannot defeat such an equitable right by changing the beneficiary named in the policy it would also seem to follow that he cannot defeat such a right by merely failing to act at all. He could not, in equity, be allowed to take advantage of his own wrong in breaking the

property settlement agreement and in violating the terms of the divorce decree, and it reasonably follows that his estate is in no better position.

*Id.* at 124.

Thus, the recovery of the first wife (or children) from a life insurance policy has not been limited to the narrow situation in which the husband *changes* the beneficiary of his existing life insurance policy from the first wife (or children) in contravention to the divorce decree. Rather, courts have found that the first wife (or children) has a superior equitable interest in the proceeds of a life insurance even when the husband has *failed to act*—by not naming the first wife as a beneficiary and/or by not even acquiring the insurance required by the divorce decree.

In this light, it seems clear that Carol J. Plumeri, as trustee for daughters Kim and Kelly Johnson, has a superior equitable interest in $60,000 of the Travelers policy. The court finds that under the separation agreement, Steven B. Johnson was to provide at least $60,000 of the life insurance for his daughters through a work-related or independent policy. Clearly, the purpose of provision 33 of the Support and Separation Agreement was to assure that the daughters would have financial support in the event of their father's death. *See McKissick, supra,* 560 P.2d at 1368. In *Grotsky v. Grotsky,* 58 N.J. 354, 357, 277 A.2d 535 (1971), the New Jersey Supreme Court emphasized the duty of parents to support minor children and, particularly, the responsibility of fathers after divorce to provide support which would survive death. Whether by inadvertence or bad faith, Steven B. Johnson failed to comply with his support obligations as set out in the divorce decree. This failure, however, does not defeat the superior equitable interest that his children have in his existing work-related life insurance policy.

For all the above reasons, the motion of Carol J. Plumeri for partial summary judgment will be granted. Accordingly, the motion of Alice P. Johnson for summary judgment will be denied. The court makes no decision at this time as to the disposition of the remainder of the amount due on the Traveler policy.

## C. MOTION OF CAROL J. PLUMERI TO AMEND PLEADING

Finally, the court considers Carol J. Plumeri's motion to amend her pleading to include a demand for punitive damages and attorneys' fees against Alice P. Johnson. While the court makes no judgment as the merits of the amended pleading, the court notes that leave to amend is to be freely given. FED.R.CIV.P. 15(a). Consequently, the court will grant this motion to amend the pleading.

## IV. CONCLUSION

The defendants will be required to interplead and Travelers will be dismissed from the case. The motion of Carol J. Plumeri for partial summary judgment declaring that she is entitled to $60,000 of the insurance policy will be granted. The motion of Alice P. Johnson for summary judgment on count one of her complaint will be denied. The motion of Carol J. Plumeri to amend her pleading will be granted. The court will file an order consistent with this opinion.