Gerald F. Groswold, Chairman Colorado Tourism Board 5500 South Syracuse Street Suite 267 Englewood, Colorado 80111
Dear Mr. Mr. Groswold:
This opinion letter is in response to your inquiry regarding the authority of the Colorado Tourism board to operate tourism information centers within highway rest areas.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following questions:
1. Does The Colorado Tourism Board have the authority under federal and state law to operate tourist information centers within highway rest areas?
My conclusion is "yes."
2. Has the Colorado Tourism Board delegated such authority by the contract between the Department of Local Affairs and Travel Horizons, Inc.
My conclusion is "no."
ANALYSIS
1. The Colorado Tourism Board ("board") was created in 1983 to implement the state policy of promoting and developing tourism and travel in Colorado. Section 24-32-1301 through 24-32-1308, C.R.S. (1982 Supp.). Among the specific powers and duties assigned the board is the responsibility "to gather and disseminate information on Colorado's tourist and travel industries and to operate visitors' centers for the purpose of disseminating such information." Section 24-32-1305(1)(c), C.R.S. (1984 Supp.). The statute further authorizes the purchase or lease of real and personal property deemed necessary for the operation of visitors' centers. Section 24-32-1305(1)(f), C.R.S. (1984 Supp.).
I understand from your letter that pursuant to the above statutory direction, the board has developed a plan to construct and operate manned facilities for the dissemination of tourist information near high-volume points of entry into the state. According to the board's plan, several of these facilities will be located within highway rest areas.
In 1977, the state legislature adopted the Outdoor Advertising Act which authorized the state department of highways to enter into agreements with any governmental entity to lease land in rest areas for the construction, maintenance, and administration of informational sites. Section 43-1-405(2), C.R.S. (1984). Thereafter, on November 14, 1978, a master lease agreement was executed between the department of highways and the department of local affairs, division of commerce and development, for the lease of certain land within highway rest areas for the operation of informational sites to aid the travelling public. The rights and obligations obtained by the division of commerce and development through this agreement are now the rights and obligations of the board by virtue of section 24-32-1302, C.R.S. (1982 Supp.), which provides:
 Whenever the division of commerce and development is referred to or designated by any contract or document in connection with the duties and functions of this part 13, such reference or designation shall be deemed to apply to the Colorado tourism board.
It is thus clear that the board has the statutory authority to construct and operate the planned facilities and has the contractual authorization to locate such facilities within highway rest areas, in accordance with the provisions in the master lease.
2. Before reaching the question of whether the board has delegated by contract its authority to operate all information centers in Colorado, it must first be determined whether the law permits the board to delegate all of its authority over the information centers to a private entity such as Travel Horizons. I conclude that the board cannot delegate its authority over all of the information centers to a private entity.
The general assembly gave to the Division of Commerce and Development and its successor, the board, the authority to develop a comprehensive program for the development and expansion of the Colorado tourism industry. Section 24-32-303(2)(d), C.R.S. (1982); sections 24-32-1301(2) and -1304(1), C.R.S. (1984 Supp.). The legislature historically has permitted contracting for those services and materials which are required to help the board to achieve its goals. Section 24-32-303(1)(b), C.R.S. (1982); section 24-32-1305(1)(g), C.R.S. (1984 Supp.). Under these statutes the board may contract with a private entity to operate some of the tourist information centers. However, the contracting power does not permit the board to delegate all of its authority to operate the centers. Otherwise, the board would be abdicating the responsibility granted by statute only to it to operate the tourist information centers. Section 24-32-1305(1)(c), C.R.S. (1984 Supp.).
The master lease agreement allows the lessee to sublease land within highway rest areas to accomplish the purposes of the master lease. The sublease of rest areas for private operation of information centers is authorized by the regulations of the Federal Highway Administration, § 752.8, 23 C.F.R. 426, subject to the requirements therein. Following the execution of the master lease, the division of commerce and development entered into an agreement with Travel Horizons, Inc. in December of 1978. I understand from the information provided with your letter that Travel Horizons is now contending that this agreement grants them the right to operate tourist information centers to the exclusion of any other entity, including the State of Colorado.
The agreement with Travel Horizons, Inc. by its terms was executed to accomplish the purposes set forth in the master lease agreement. The rights granted to Travel Horizon are no greater than the rights granted the division of commerce and development in the master lease. Specifically, these rights do not include the operation of information centers at locations other than highway rest areas. Those facilities which the board plans to operate at locations other than highway rest areas are not, in my opinion, affected by the agreement with Travel Horizons.
The agreement grants Travel Horizons the right to lease premises within highway rest areas. At the same time the agreement expressly recognizes the right of the division, now the board, to operate manned information centers for the dissemination of tourism information and the promotion of tourism. Paragraph 17 states:
 Nothing in this agreement shall be construed to prohibit the state from funding and operating manned information centers for the dissemination of tourism information and promotion of tourism.
Travel Horizon's contention that the board is prohibited by the agreement from operating the planned centers is apparently based upon paragraph 24 in the agreement, which provides:
 "The state agrees that, during the life of this agreement, they shall not grant any competing license nor enter into any agreement with a competing entity or otherwise impair the exclusivity of this agreement between the contractor and the state."
All provisions of a contract must be given effect, if possible, and the contract be construed as a whole document.Concerning Application for Water Rights of Town ofEstes Park in Larimer County, in South Platte River andIts Tributaries v. Northern Colorado Water Conservancy,677 P.2d 320 (Colo. 1984); Newton v. Newton, 472 P.2d 718
(Colo.App. 1970). Paragraphs 17 and 24 discuss separate topics. Paragraph 17 permits operation of information centers by the board during the contract period. Paragraph 24 prohibits the board from contracting with other vendors to provide information services. Thus, the board may operate information centers but it may not contract with any other entity other than Travel Horizon to operate the centers.
SUMMARY
Pursuant to statute and contract, Colorado Tourism Board has the authority to operate tourist information centers within highway rest areas.
Very truly yours,
 DUANE WOODARD Attorney General
CONTRACTS STATE AGENCIES ECONOMIC DEVELOPMENT
Section 24-32-1301 through 1302, C.R.S. (1984 Supp.)
LOCAL AFFAIRS DEPT. Commerce Development Div
The Colorado Tourism Board has the authority to operate tourist information centers within state highway areas.