276 N.J. Super. 46 (1994)
647 A.2d 180
LEAH DELLA TERZA, PLAINTIFF-RESPONDENT,
v.
ESTATE OF RICHARD DELLA TERZA AND LISA DELLA TERZA, INDIVIDUALLY AND AS ADMINISTRATRIX/EXECUTRIX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1993.
Decided August 23, 1994.
*47 Before Judges SKILLMAN and KESTIN.
Theodore W. Daunno, attorney for appellant (Mr. Daunno, on the brief).
Barisonek, Dooley & Vigliotti, attorneys for respondent (Thomas E. Dooley Jr., on the brief).
The opinion of the court was delivered by KESTIN, J.A.D.
*48 Richard and Lois Della Terza were divorced on August 23, 1983. They had one child, Leah, the plaintiff in this action. The judgment of divorce incorporated an agreement between the parties which provided in part that Richard "shall maintain the child of the marriage as beneficiary on his life insurance policy until she becomes emancipated." Richard's only life insurance policy at the time was one provided through his employment with the Belleville Board of Education.
On June 12, 1985, Richard filed a "designation of beneficiary" form naming Lisa Della Terza, "wife", as "primary beneficiary", along with Leah and Richard II, his son born on May 28, 1985, as "contingent beneficiaries". On June 22, 1987, an order entered in the Family Part following upon Lois's motion required Richard, inter alia, to "provide proof ... that the minor child of the marriage is named as beneficiary on his life insurance policy, pursuant to the Judgment for Divorce...." Richard never complied with this portion of the order. He died on July 16, 1989.
At the time of Richard's death, Leah was unemancipated. Lisa was paid $80,337.88 as the primary beneficiary under the life insurance policy. Leah sued, claiming a right to the policy proceeds. The trial court granted plaintiff's motion for summary judgment and denied defendants' cross motion. Subsequently, judgment was entered for an amount equal to the policy proceeds plus prejudgment interest. Defendants appeal.
It appears that the only life insurance Richard had on the date of his death was the same type of policy he owned when the judgment of divorce was entered, one provided as a fringe benefit of his employment with the Belleville Board of Education through the Public Employees' Retirement System. The proceeds of such a policy are typically fixed in relation to the employee's salary at the time of death. The record may be taken to suggest that, after the divorce, Richard may have been placed in a new position with the Belleville Board of Education that paid more than the position he held at the time of the divorce, resulting in an increase in the *49 life insurance benefit, not only incrementally based upon periodic salary adjustments he may have received in his former position, but also by a more substantial amount representing the difference between his former salary and his new, higher pay level.
As to the basic issue presented in this case, i.e., whether an obligation to maintain life insurance with a dependent child as beneficiary, established in a judgment of divorce, translates into a right on the part of the beneficiary to seek the proceeds of the policy paid to another because the obligor failed to comply with the terms of the judgment, we are in substantial agreement with that portion of Judge Whitken's bench decision of May 10, 1991 holding plaintiff to be entitled to insurance proceeds, especially to the extent that decision relied upon the reasoning of Judge Thompson in Travelers Ins. Co. v. Johnson, 579 F. Supp. 1457 (D.N.J. 1984), and the cases cited therein. See also Glover v. Investment Life Co. of America, 439 S.E.2d 297 (S.C. Ct. App. 1993); Aetna Life Ins. Co. v. Bunt, 110 Wash.2d 368, 754 P.2d 993 (1988); Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494 (11th Cir.1986); cf. Abrego v. Abrego, 812 P.2d 806 (Okla. 1991). In consideration of the State's interest in assuring continued support for unemancipated children, even after the death of a parent, Grotsky v. Grotsky, 58 N.J. 354, 277 A.2d 535 (1971); see also N.J.S.A. 2A:34-25, we agree that a provision such as was contained in the judgment of divorce in this case to maintain the child as beneficiary in a life insurance policy until emancipation creates an equitable assignment where such a designation has not, in fact, occurred. See SMA Life Assurance Co. v. Piller, 846 F.2d 916 (3rd Cir.1988); Travelers Ins. Co. v. Daniels, 667 F.2d 572 (7th Cir.1981); Aetna Life & Casualty Co. v. Spain, 556 F.2d 747 (5th Cir.1977) (applying New Jersey law); Perkins v. Prudential Life Ins. Co. of America, 455 F. Supp. 499 (S.D.W. Va. 1978).
Nevertheless, for the same considerations of policy, we are loathe to reach a result which, through automatic operation, would confer the intended benefit on the child of the first marriage to the total exclusion of the child of the second marriage, whether *50 directly or through the parental interests and responsibilities of the second spouse. In none of the cases relied upon by the trial judge herein or by Judge Thompson in her decision in Travelers Insurance Company v. Johnson, supra, was there any indication that the interests of a child or children of the second marriage were involved directly or derivatively.[*] This case is one factually of first impression in New Jersey in that regard, therefore; and there lurks within this cryptic record a possibility that may provide a basis for reaching an appropriate result in respect of this decedent's obligations to the children of both of his marriages. We hold, therefore, that notwithstanding the correctness of its decision on the substantive issue presented, the trial court's ruling on plaintiff's motion should have been seen, at most, as a grant of partial summary judgment. There remained to be determined the proportion of the insurance proceeds to which the plaintiff was entitled. The trial court's subsequent entry of judgment for plaintiff in the amount of $80,337.88, the entire insurance benefit, plus $14,157.51 in prejudgment interest, without further proceedings or stipulations, was therefore premature, and it must be vacated.
The equities of the matter before us, considered in the light of the policy considerations to which we have adverted, require a different result. Because the amount of the policy to be maintained *51 was not specified, fair concepts of equitable assignment and reasonable expectation entitle plaintiff only to the value of the insurance policy at the time of the judgment of divorce enhanced by such increases as may be represented by generally applied salary improvements decedent would have received in the position he then held until the date of his death. If, however, Richard received an increase in salary by reason of a promotion or reassignment or by undertaking additional work duties after the date of divorce, that increase and the consequent enhancement of value in his life insurance benefit due thereto were, in the matrimonial sense, attributable to his second marriage rather than his first. It follows that the benefit of such an enhancement should inure to the spouse and child of the second marriage. Such an eventuality would provide a principled basis for achieving a practical result which other courts have strained to reach. See Madsen v. Estate of Moffitt, supra, 542 P.2d at 188 (Henriod, C.J., dissenting), and Greenberg v. Greenberg, supra, 71 Cal. Rptr. 38. It is appropriate, therefore, that proofs in this regard be developed so that the trial court may have an adequate basis for determining whether such a calculation is necessary and, if so, what its result should be.
Accordingly, we vacate the trial court's "Consent Final Judgment" of June 18, 1992 and remand for a plenary hearing on the remaining issues in the case.
NOTES
[*] We have been able to discover only two cases in which the existence of a child or children of the second marriage was mentioned. In Madsen v. Estate of Moffitt, 542 P.2d 187 (Utah 1975), involving a child from each of the marriages, the court determined that the child of the first marriage was entitled to the amount of insurance available on the date of the divorce. The balance of the proceeds was to be paid to the wife and child of the second marriage. In Greenberg v. Greenberg, 264 Cal. App.2d 896, 71 Cal. Rptr. 38 (1968), there was no child of the first marriage, but there was a child of the second marriage. The property settlement provided that the first spouse was to be the irrevocable beneficiary of "about $36,000 worth of life insurance `as long as you do not remarry.'" Id. 71 Cal. Rptr. at 39. In an action brought by the first spouse against the second spouse and child, the court held that, by a subsequent agreement between the decedent and the second spouse, the latter had become a bona fide purchaser for value of the rights to the proceeds of several life insurance policies, thereby cutting off the right of the first spouse.