762 F.2d 30
 Steven SIMONS, Appellant,
v.
MONTGOMERY COUNTY POLICE OFFICERS--Sara A. Hume; Nancy
Calder; Herbert Cahalen; Officer Tippette; Officer Davis;
Montgomery County Department of Police; Government of
Montgomery County, Maryland, Appellees.
 No. 83-6536.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1984.
Decided May 10, 1985.
 
 Roger M. Witten, Washington, D.C. (Bruce M. Berman, Wilmer, Cutler & Pickering, Washington, D.C., on brief), for appellant.
 Richard D. Caplan, Asst. Co. Atty., Rockville, Md. (Paul A. McGuckian, Co. Atty., Bruce P. Sherman, Asst. Co. Atty., Rockville, Md., on brief), for appellees.
 Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 The plaintiff, a Maryland State prisoner under sentence for possession with intent to distribute cocaine, sued under 42 U.S.C. Sec. 1983 five officers of the Montgomery County (Md.) Police Department individually for trespass, violation of privacy, assault, illegal arrest, destruction of property, and false imprisonment in connection with the search of his house, which search resulted in his arrest by the defendant officers. The plaintiff filed an amended complaint, which simply restated his previous claims against the individual defendants and added allegations identifying the individual defendant or defendants involved in each count. He also included in this amended complaint causes of action against two new defendants, the County and its Police Department. The liability of the County in these new allegations was based on "the doctrine of respondeat superior"; that of the Police Department rested on an allegation of "negligent training of their police officers which led to the violation of the plaintiff's civil rights." The combined defendants moved to dismiss the action stated in the amended complaint under Fed.R.Civ.P. 12(b)(6) for failure "to state a claim upon which relief [could] be granted."
 
 
 2
 The district judge granted the motion to dismiss, finding that, viewing the complaint with its attachments, "in the light most favorably to the plaintiff" and accepting the rule that the motion was only to be granted if it appeared beyond a doubt "that the plaintiff can prove no set of facts ... which would entitle him to relief," the defendant county could not as a matter of established law be liable under the doctrine of respondeat superior in a Sec. 1983 action and that the Police Department was not to be held liable in such an action on "an allegation of simple negligence in training" or on a custom consisting of evidence of a single, isolated instance of misconduct. So far as the actions against the five individual defendants were concerned, the district court found that their conduct, as alleged by the plaintiff, was "not of constitutional magnitude and [was], therefore, not actionable under section 1983" and that plaintiff's complaint stated at best torts redressable only in state court. From such dismissal, the plaintiff has appealed. We affirm.
 
 
 3
 On appeal, the plaintiff takes exception to the district judge's finding that there was no set of facts provable by plaintiff under his complaint under which he might recover under Sec. 1983. The difficulty with the argument is that there appears to be no likelihood that the plaintiff can add any additional facts to those included, either by direct allegation or in the transcripts attached as a part of his complaint, relating to the several claims asserted by him against the individual defendants. All his causes of action against individuals are based on the circumstances of the search of his apartment and his arrest in the course of such search. The facts relating to the search and arrest were the subjects of a motion to suppress filed by plaintiff and heard in his state criminal proceedings. The plaintiff did not appear at the hearings pro se; he was represented by counsel who, judging by the record, presented plaintiff's motion ably and vigorously. He cross-examined thoroughly the persons participating in the search. Plaintiff himself testified, all under the guidance of his counsel. All the details of the search were thoroughly canvassed during two hearings. The transcripts of these hearings were incorporated by the plaintiff in his complaint as attachments. The district court, therefore, had before it on the basis of the plaintiff's complaint and attachments including plaintiff's own sworn testimony, all the evidence relevant to plaintiff's causes of action. It would have been a useless gesture for the district judge under the unique circumstances of this case to have delayed decision on the motion for the purpose of affording the plaintiff additional opportunity to supply evidence that either did not exist or would at best be only cumulative of what was in the transcripts made a part of plaintiff's complaint. We therefore find no fault in the district court's action in proceeding to dispose of the cause under the Rule 12(b)(6) motion, when all the relevant facts in the case were embraced in the complaint or its attachments.
 
 
 4
 Based on the complaint and its attached transcripts, the district judge found that all of plaintiff's claims against the individual officers constituted torts ("trespass, assault, unlawful arrest, destruction of property and false imprisonment") which are actionable, if at all, under state law, the remedy for which, under Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), "must be sought in state courts under traditional tort-law principles" and not under Sec. 1983. Because under the facts of this case the applicability of the decision in Baker may well be questionable, we have chosen because the action is pro se to assure ourselves on the record that the plaintiff is without a federal right of action under Sec. 1983. On the basis of that review we conclude that, in any event, plaintiff's claims are clearly without merit.
 
 
 5
 In addressing the merits of plaintiff's claims, we observe at the outset that the search, which is the gravamen of plaintiff's various claims, was authorized under a search warrant the validity of which is not questioned. Plaintiff's real claims are that the search was invalid because executed in an illegal manner. As we have already observed, such claims were earlier raised at plaintiff's state criminal trial by a motion to suppress. That motion to suppress was overruled by the state court after two hearings, where plaintiff, represented by counsel, was given every opportunity to raise any objection he had to the search, to offer testimony in his own behalf, and to cross-examine fully the police officers engaged in the search. One of the matters in issue at these state hearings was whether the failure of the searching officers to give announcement of authority and purpose before entry was excused by exigent circumstances.[1] The state court held adversely to plaintiff's claim. This claim[2] is again asserted by the plaintiff as a part of his suit here. There was ample evidence of exigent circumstances to justify the failure to "announce [ ] and/or knock" under the principles followed in United States v. Couser, 732 F.2d 1207, 1208 (4th Cir.1984), and United States v. Jackson, 585 F.2d 653, 662 (4th Cir.1978). Since the search was valid despite the failure of the officer to given preliminary notice, the plaintiff's cause of action for trespass or invasion of privacy is without merit. Moreover, the arrest of the plaintiff, after the discovery of cocaine prepared as it were for packaging and lying on a mirror on the bed where the plaintiff had been sitting, as well as the discovery of cocaine in the belt at the same time--all as fully established by the transcripts made a part of his complaint by the plaintiff--was based on abundant probable cause and thus will not support an action for false arrest. The plaintiff is accordingly left with his claim of assault and of destruction of property in the course of the search. We proceed to consider these two claims.
 
 
 6
 Plaintiff's basis for his assault claim is that officer Hume, in the plaintiff's words, "[came] and appear[ed] at the door of my bedroom with a gun pointed at me," saying at the time "Don't move, police." That is the extent of the so-called assault. We perceive nothing improper if an officer conducting a search for narcotics under a valid search warrant enters the room to be searched with her gun drawn. The plaintiff's testimony, made a part of his complaint, details no abusive conduct of any kind by officer Hume. So far as plaintiff's testimony shows, she conducted herself properly in every way. As the district court said, this action, entirely proper in itself, will not support an action for a tort of constitutional magnitude.
 
 
 7
 The claim of destruction of property relates to the forcible entry by Herbert Cahalen into the room of plaintiff's parents. Assuming without deciding that plaintiff has standing to contest this action by officer Cahalen, we find no violation of constitutional rights in this conduct of the officer. The officer was in the process of executing a search warrant of the house. He and other officers had found at various spots in plaintiff's room both narcotics and facilities for preparing such narcotics for marketing. The room of the parents was on the same floor with that of the plaintiff. It was locked. The plaintiff had already been told of the officer's authority to search. The officers had a right under those circumstances to use such force as was necessary to effect entrance into the locked room.
 
 
 8
 That right is expressly sustained in connection with a federal search by 18 U.S.C. Sec. 3109. Under that section, it is no objection that entry was forcible, for the rule established by that section "does not prohibit action, it specifically permits violence." White v. United States, 346 F.2d 800, 803 (D.C.Cir.1965). The only requirement for such forcible entry is notice of the intention but, as Justice Brennan put it in Miller v. United States, 357 U.S. 301, 309-310, 78 S.Ct. 1190, 1195-1196, 2 L.Ed.2d 1332 (1958): "[t]he burden of making an express announcement is certainly slight. A few more words by the officers would have satisfied the requirement in this case." Here, the plaintiff knew of the warrant the officers were executing and their purpose in "breaking into" the locked room. This search, it is true, was by state officers under a state warrant. But the rule incorporated in Sec. 3109 is merely expressive of the common law rule and thus is equally applicable in the state context. There was no violation of plaintiff's constitutional rights in this regard.
 
 
 9
 There is accordingly no basis in the record as established by the plaintiff himself in his complaint with its attachments for a finding of any liability on the part of the individual defendants under Sec. 1983. The absence of any liability on the part of the County and its Police Department necessarily follows from our conclusion that there was no violation of plaintiff's constitutional rights by the individual officers. Were this not so, the fact that there can be no liability under Sec. 1983 either under respondeat superior, Monell v. New York City. Dept. of Social Services, 436 U.S. 658, 695, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1978), or for negligence in training, supervising or controlling subordinates, Hays v. Jefferson County, 668 F.2d 869 (6th Cir.), reh'g denied, 673 F.2d 152, cert. denied, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982), based simply on an isolated instance of wrongdoing would require dismissal of the action against the County and its Police Department.
 
 
 10
 The judgment of the district court is accordingly
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Any application of the "knock and announce" requirement preliminary to a search by state officers is controlled by the Fourth Amendment "reasonableness" standard. In United States v. Nolan, 718 F.2d 589, 601-602 (3d Cir.1983), where, discussing the plurality opinion of the Supreme Court in Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), the court said:
 "Thus, the Ker plurality would appear to reject the proposition that the fourth amendment mandates a knock and announce requirement with precise and narrowly defined exceptions, although a failure by police to knock and announce could, depending on the circumstances, violate the more general amendment reasonableness requirement for any arrest."
 See also United States v. Baker, 638 F.2d 198, 202-203 (10th Cir.1980); United States v. Valenzuela, 596 F.2d 824, 829-830 (9th Cir.), cert. denied, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979); Duncan v. Barnes, 592 F.2d 1336, 1338 (5th Cir.1979).
 
 
 [2]
 For decisions sustaining the search because exigent circumstances justified the failure to give the announcement, see United States v. Couser, 732 F.2d 1207, 1208 (4th Cir.1984); United States v. McConney, 728 F.2d 1195, 1199 (9th Cir.), (en banc), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); United States v. Harris, 713 F.2d 623, 626 (11th Cir.1983); United States v. Metz, 608 F.2d 147, 154-155 (5th Cir.1979), cert. denied, 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980)
 That likelihood of destruction of evidence will constitute exigent circumstances dispensing with the announcement requirement, see United States v. Jackson, 585 F.2d 653, 662 (4th Cir.1978):
 "What the officers were seeking by his search was the numbers slips, which were subject of easy destruction. Under those 'exigent circumstances,' simultaneous entry was permissible."