929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph RIDDICK, a/k/a Joe, Defendant-Appellant.
 No. 89-5479.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 25, 1991.
Decided March 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-89-57-N)
 William P. Robinson, Jr., Robinson, Zaleski & Lindsey, Norfolk, Va., for appellant.
 Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before CHAPMAN, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Riddick appeals from the judgment entered and sentence imposed by the district court upon the jury's guilty verdict. Riddick was found guilty under an indictment charging him with nine violations of the federal narcotics laws. He alleges that evidence obtained as a result of a search pursuant to a warrant was improperly admitted at his trial. We affirm.
 
 
 2
 On April 14, 1989, officers of the Norfolk Police Department executed a state search warrant at Riddick's residence in Norfolk, Virginia. The warrant was executed at 7:52 a.m. The officers knocked on the door, called out "search warrant," and then broke down the door with a battering ram. When the occupants of the house were apprehended they were still in bed asleep. As a result of the search Riddick and a female companion were arrested and a substantial quantity of weapons, narcotics, cash, and drug paraphernalia were seized.
 
 
 3
 Riddick raises a single issue on appeal; he argues that the warrant was executed in violation of the "knock and announce" rule codified at 18 U.S.C. Sec. 3109,[1] and consequently that evidence seized pursuant to the warrant should have been suppressed. In his brief Riddick's counsel acknowledges that this specific issue was never raised below, that no objection was made at trial, and that he did not cross-examine the executing officer as to the manner in which the search was carried out. Since no objection was timely made this court reviews solely for plain error. Rule 52(b), Fed.R.Crim.P. Rule 52 authorizes appellate review only of "particularly egregious errors ... that seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985) (citations omitted). The plain error exception is to be used only where a "miscarriage of justice" would result. Id. (citations omitted).
 
 
 4
 An officer executing a search warrant is authorized, under Sec. 3109, to use force to enter a dwelling after he has knocked, announced his intention, and been refused entrance. The requirement that the officer be refused admittance is not restricted to an affirmative refusal. United States v. Bonner, 874 F.2d 822, 824 (D.C.Cir.1989). It also includes circumstances that constitute constructive or reasonably inferred refusal. Id. Failure to respond within a reasonable time is tantamount to a refusal. United States v. James, 528 F.2d 999, 1017 (5th Cir.), cert. denied, 429 U.S. 959 (1976). A reasonable time is ordinarily very brief. Id. See, e.g., Bonner, 874 F.2d at 826 (eleven to twelve seconds); United States v. One Parcel of Real Property, 873 F.2d 7, 9 (1st Cir.) (five to ten seconds), cert. denied, 58 U.S.L.W. 3240 (U.S.1989); United States v. Ruminer, 786 F.2d 381, 384 (10th Cir.1986) (five to ten seconds); United States v. Ciammitti, 720 F.2d 927, 933-34 (6th Cir.1983) (thirty seconds), cert. denied, 466 U.S. 970 (1984); United States v. Wysong, 528 F.2d 345, 348 (9th Cir.1976) (five to ten seconds). Exigent circumstances may allow officers to dispense with the knock and announce requirement, see Simons, 762 F.2d at 32 n. 2; United States v. Couser, 732 F.2d 1207, 1208 (4th Cir.1984), cert. denied, 469 U.S. 1161 (1985), as well as the requirement that they be refused admittance, McConney, 728 F.2d at 1199.
 
 
 5
 Whether the exigency is sufficient to justify the officers' challenged behavior turns upon the extent and nature of the departure that must be justified. Bonner, 874 F.2d at 826. The degree of exigency required to dispense with the refusal requirement is less than that required to dispense with the knock and announce requirement, which is in turn less than that required to justify a warrantless search. Id. The possibility of danger to the executing officers and the likelihood that evidence will be destroyed are "compelling" bases for exigent circumstances. Id. See also Ruminer, 786 F.2d at 384; Wysong, 528 F.2d at 348.
 
 
 6
 The officers executing the search warrant at Riddick's house knocked on the door and announced their intention. The only apparent deviation is in failing to wait a sufficient period of time. Thus, the departure to be justified is minimal.
 
 
 7
 Due to counsel's failure to explore this issue below it is unclear just how long the officers waited or whether they waited at all. In light of the lack of evidence supporting proof of a violation, and in light of the fact that minimally exigent circumstances would have dispensed with compliance if any deviation did occur, we cannot say that the decision to allow in the evidence constituted plain error.
 
 
 8
 Accordingly, Riddick's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 As the statute merely expresses the common law rule, it is equally applicable in the present context where state officers executed a state warrant. Simons v. Montgomery County Police Officers, 762 F.2d 30, 33 (4th Cir.1985), cert. denied, 474 U.S. 1054 (1986)