979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Randall Gray PARKER, Defendant-Appellant.
 No. 92-5249.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1992
Decided: November 18, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 A. Wayne Harrison, Sr., Harrison, North, Cooke & Landreth, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Randall Gray Parker was convicted after a jury trial for knowingly and intentionally distributing cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1981), and for carrying a firearm in connection with drug trafficking in violation of 18 U.S.C.A.s 924(c)(1) (West Supp. 1992). He now appeals from the district court's denial of his pretrial motion to suppress the underlying evidence seized from his apartment pursuant to a search warrant, arguing that the search warrant affidavit did not establish probable cause, and that the manner in which the search warrant was executed violated state and federal law. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 The Guilford County, North Carolina, Sheriff's Department arrested a person named Tony Walker for cocaine possession on the morning of March 19, 1991. Walker agreed to cooperate with the authorities in exchange for a recommendation of leniency and informed the police that he had purchased the cocaine in his possession from Parker. He further stated that he had frequently observed large quantities of cocaine and several firearms in Parker's apartment on prior occasions. He accompanied the police to Parker's neighborhood and pointed out Parker's apartment. The police confirmed that Parker lived at the designated address by checking telephone and department of motor vehicle records.
 
 
 3
 Officer Anders then applied for and obtained a search warrant for Parker's apartment. His affidavit in support of the search warrant summarized the information provided by Walker, stated that Walker had given the police information which incriminated himself in the course of cooperating with their efforts and that he was cooperating in exchange for a recommendation of leniency, and further stated that Anders had searched Parker's former apartment and discovered drugs in 1987. According to the affidavit, Parker had told Anders after his 1987 arrest that he would have shot the police, had he been inside his apartment when they entered.
 
 
 4
 Anders executed the search warrant with the help of several other officers by driving to Parker's residence at approximately 11:20 p.m., knocking on the front door, and announcing that they were with the Sheriff's Department and had a search warrant for the premises. The apartment was dark, except for one light coming from a back bedroom. The officers waited for ten to fifteen seconds, then forced their way into the apartment with a battering ram. They saw an acquaintance of Parker's, Barry Rush Murray, running out of the back bedroom. As other officers stopped and frisked Murray, Anders proceeded to the back bedroom and found Parker, who is a paraplegic, lying on his bed trying to hide a plastic baggie of what later proved to be cocaine under his body. A .380 Beretta pistol hung on a hook beside his bed. Anders seized the baggie and arrested Parker. Murray was similarly arrested after a bag of what appeared to be cocaine was found on his person.
 
 II.
 
 5
 At the conclusion of the suppression hearing, the district court appropriately excised the paragraph in the affidavit referencing the 1987 search and arrest, because that search had been found invalid for want of probable cause, and we have not considered the excised information in reaching our decision. See United States v. Gillenwaters, 890 F.2d 679, 681 (4th Cir. 1989). The court nonetheless concluded that the remaining information was sufficient to support the magistrate's probable cause determination, and found no constitutional error in the manner in which the search warrant was executed, in light of the fact that weapons were known to be present inside the apartment. We agree.
 
 
 6
 The adequacy of information presented in support of a search warrant request must be examined in light of the totality of the circumstances known to the issuing magistrate. Illinois v. Gates, 462 U.S. 213, 239 (1983). The magistrate need not definitively establish that a crime has been committed; rather, the magistrate's task is simply to decide whether, based on the information presented, there is a "fair probability" that evidence of a crime will be found in the specified location. Id. at 238. Our duty in reviewing the suppression decision is to ensure that the magistrate in fact had a substantial basis for concluding that probable cause existed. Id.; United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990).
 
 
 7
 Parker contends that the search warrant affidavit was insufficient primarily because the informant information lacked credible detail. However, the informant, who was not identified in the affidavit but who later proved to be Walker, incriminated himself in supplying information about Parker's activities, and was also cooperating under the government's promise to recommend leniency in his prosecution. We find that these circumstances taken together adequately established the reliability of the information he provided to the authorities. See United States v. Harris, 403 U.S. 573, 583 (1971) (holding that admission of crime carries its own indicia of reliability); United States v. Miller, 925 F.2d 695, 699 (4th Cir.) (informant's interest in obtaining leniency created strong motive to supply accurate information), cert. denied, 60 U.S.L.W. 3259 (U.S. 1991).
 
 
 8
 We also find that the informant's information, when combined with the officers' independent verification of Parker's address, adequately supported the magistrate's conclusion that there was a "fair probability" that contraband would be found in Parker's apartment. Even if we were to find the affidavit insufficient, the good-faith exception of United States v. Leon, 468 U.S. 897 (1984), would support the district court's suppression decision, for it cannot be said that the officers's reliance on this search warrant was "entirely unreasonable." United States v. Edwards, 798 F.2d 686, 690 (4th Cir. 1986).
 
 
 9
 We likewise perceive no infirmity in the manner in which this search warrant was executed. Parker asserts that the officers' forced entry after only ten or fifteen seconds had elapsed violated 18 U.S.C.A. § 3109 (West 1985). However, § 3109 applies only to the conduct of federal officers and thus has no application here. Furthermore, the applicable North Carolina statute was not violated, because that statute expressly allows officers to enter a premises for purposes of executing a search warrant without first knocking and announcing themselves, if they believe that giving notice would endanger their safety. N.C. Gen. Stat. § 15A-251(2).
 
 
 10
 Here, the officers were told by the informant that Parker had several guns in his possession. Given this information, which-as noted above-was provided by one who had every reason to be truthful, the officers's conduct in forcing entry after a pause of only ten to fifteen seconds was reasonable, and not only comported with North Carolina law, but was also consistent with the reasonableness requirement of the Fourth Amendment. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 32 n.1 (4th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Gilbert v. United States, 366 F.2d 923, 931-32 (9th Cir. 1966), cert. denied, 388 U.S. 922 (1967).
 
 
 11
 Therefore, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED