WILLIAMS, Circuit Judge,
dissenting:
Today the majority holds that officers executing a no-knock search (pursuant to a warrant issued by a neutral and detached state circuit court judge that specifically authorized a no-knoek search) at a home where a resident had shot at officers within the previous year are not entitled to qualified immunity. Because I am convinced that the officers’ conduct did not violate Gould, Sr.’s clearly established constitutional rights, I respectfully dissent.
I.
As the majority correctly notes, police officers are entitled to qualified immunity if, in the performance of their duties, “their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). For the reasons that follow, however, I disagree with the majority’s conclusion that the officers’ decision to seek and execute a no-knoek warrant of *274 Gould, Sr.’s home violated his clearly established Fourth Amendment rights.
As Fourth Circuit case law plainly indicated at the time of the officers’ actions, exigent circumstances could excuse the failure to “knock and announce.” See, e.g., Simons v. Montgomery County Police Officers, 762 F.2d 30, 32-33 (4th Cir.1985) (noting that exigent circumstances justify the failure to “knock and announce”); cf. Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976 (1995) (noting that not “every entry must be preceded by an announcement”). As a result, to avoid summary judgment on qualified immunity grounds, Gould had to allege facts demonstrating that the established contours of the “exigent circumstances” exception were sufficiently clear at the time of the incident such that the unlawfulness of the officers’ actions was obvious. I submit that Gould, Sr. simply failed to allege such facts.
Without question, the failure to knock and announce prior to entering a home can be justified by a fear for officer safety. See, e.g., United States v. Jackson, 585 F.2d 653, 662 (4th Cir.1978) (noting that the failure to “knock and announce” may be justified if there is a likelihood that the occupants will resist the police). Here, although Gould, Jr. was in police custody at the time of the search, the officers were aware of the extensive criminal history of his siblings. Indeed, there is evidence that officers were involved in a shooting incident with one of Gould, Jr.’s brothers at the Gould’s home within the previous year. The majority, however, minimizes the danger that the officers reasonably believed they faced that night.* Although it was later determined that Gould, Jr.’s siblings were also in jail (on unrelated charges) at the time of the search, the officers acted reasonably upon the evidence available to them at the time. Because “officers on the beat are not afforded the luxury of armchair reflection,” Elliott v. Leavitt, 99 F.3d 640, 642 (4th Cir.1996), cert. denied, — U.S. -, 117 S.Ct. 2512, 138 L.Ed.2d 1015 (1997), their actions must not be judged “with the 2%o vision of hindsight,” Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Accordingly, I believe that the officers’ decision to seek and execute a no-knock warrant was objectively justified and reasonable.
Even assuming, as the majority argues, that at the time of the search the officers in question had no knowledge of the prior shooting incident at the Gould residence or of the criminal record of Gould, Sr.’s children, I believe that the contours of the “officer safety” exception to the “knock and announce” requirement were not clearly established in 1992 so as to make the unlawfulness of these officers’ actions apparent. See Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (noting that “[t]he contours of the right must be sufficiently clear- that a reasonable official would understand that what he is doing violates that right”); Wilson v. Layne, 141 F.3d 111, 114 (4th Cir.1998) (en banc) (same), cert. granted, — U.S. -, 119 S.Ct. 443, - L.Ed.2d - (1998). Although the majority contends that the unlawfulness of the officers’ actions was apparent in 1992, it was only last year, 1997, that the Supreme Court stated that the officer safety exception would not justify a “no-knock” search “at a time when the only individuals present in a residence ha[d] no connection with the [criminal] activity.” Richards v. Wisconsin, 520 U.S. 385, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997). Thus, although it is now clearly established that the officers’ conduct — as portrayed by the majority — violated the “knock and announce” requirement, it was not clearly established that their conduct violated the “knock and announce” requirement in October 1992.
II.
Because I believe that the officers acted reasonably under the circumstances and, in *275 the alternative, that there was a lack of clarity in the law governing the officer safety exception in October 1992, I would grant the officers qualified immunity.

 The majority states that the officers believed that they would be in danger at Gould, Sr.’s home because the criminal history of his children warranted an inference that Gould, Sr. might be violent. See ante at 271. The officers did not, as the majority suggests, primarily argue that Gould, Sr. might use a weapon because of the criminal propensities of his children. Rather, the officers were concerned that one of Gould’s children might use a weapon. Although it was later determined that all of Gould's children were in jail at the time of the search, the officers were not aware of that fact at the time of the incident.